## PennDOT v. Cern

*Timothy P. Wile, assistant counsel-in-charge,* for PennDOT.
*John J. Kerrigan Jr.,* for defendant.

SCOTT, *J.,* February 6, 1991 — The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing appeals our order of January 17, 1991, reversing a five-year revocation of John Cern's driving privileges imposed by the department. The department imposed the five-year revocation of appellee's motor vehicle operator's

license pursuant to the habitual offender statute found at 75 Pa.C.S. §1542. That statute states:

"§1542. *Revocation of habitual offender's license*

"(a) *General Rule* — The department shall revoke the operating privilege of any person found to be a habitual offender pursuant to the provisions of this section. A 'habitual offender' shall be any person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b) committed after the effective date of this title and within any period of five years thereafter.

"(b) *Offenses enumerated* — Three convictions arising from separate acts of any one or more of the following offenses committed either singularly or in combination by any person shall result in such person being designated as a habitual offender:

"(1) Any offense set forth in section 1532 (relating to revocation or suspension of operating privilege).

"(2) Operation following suspension of registration as defined in section 1371 (relating to operation following suspension of registration).

"(3) Making use of or operating any vehicle without the knowledge or consent of the owner or custodian thereof.

"(4) Utilizing a vehicle in the unlawful transportation or unlawful sale of alcohol or any controlled substance.

"(5) Any felony in the commission of which a court determines that a vehicle was essentially involved.

"(c) *Accelerative Rehabilitative Disposition as an offense* — Acceptance of Accelerative Rehabilitative Disposition\* for any offense enumerated in

---
\* Pa.R.Crim.P. 175 to 185.

subsection (b) shall be considered an offense for the purposes of this section.

"(d) *Period of revocation* — The operating privilege of any person found to be a habitual offender under the provisions of this section shall be revoked by the department for a period of five years.

"(e) *Additional offenses* — Any additional offense committed within a period of five years shall result in a revocation for an additional period of two years."

Appellee received two of the three offenses while a resident of Pennsylvania, possessing a Pennsylvania drivers license. Prior to incurring the third offense, appellee moved to New Jersey, surrendered his Pennsylvania license there and obtained a valid New Jersey license. In January 1990 he received the third citation in Pennsylvania. Even though the citation shows his address to be Trenton, New Jersey, his address had not been changed in the files of the Bureau of Driver Licensing in Harrisburg, Pennsylvania. In June 1990, the Bureau of Driver Licensing sent an official notice of revocation of his operating privileges to appellee at his Warminster, Pennsylvania address.

The post office forwarded the notice to him at his address in New Jersey. Thereafter, appellee filed a petition for appeal of the revocation to this court. The hearing was held on September 25, 1990 and on January 17, 1991 the order complained of on appeal was entered.

At the time of the hearing this court examined the official notice sent to appellee. As previously stated, this notice (sent by Pennsylvania) was sent to appellee at his old address in Pennsylvania. The citation clearly shows his address to be Trenton, New Jersey, so that the State of Pennsylvania was on notice that appellee was no longer a resident. Addi-

tionally, there can be no question that Pennsylvania authorities have no power to revoke or suspend a driver's license issued by a sister state, here New Jersey. *Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing v. Bender,* 107 Pa. Commw. 475, 529 A.2d 44 (1987). The notice asks him to return his driver's license to the bureau. Appellee had already complied with the requirements of the notice, he had *already* surrendered his Pennsylvania license.

Therefore, given this fact situation, we came to the conclusion that the appeal of this appellee should be sustained and we issued the order complained of on appeal.